

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# Prudential Prop v. Dormer

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Prudential Prop v. Dormer" (2005). *2005 Decisions.* Paper 1474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1598

PRUDENTIAL PROPERTY AND CASUALTY
INSURANCE COMPANY

v.

DEBRA J. DORMER,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03796)
District Judge:  Honorable Charles R. Weiner

Submitted Under Third Circuit LAR 34.1(a)
on January 28, 2005

Before:  SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges .

(Filed March 4, 2005 )

OPINION OF THE COURT

RENDELL, Circuit Judge.

In this declaratory judgment action, Prudential Property and Casualty Insurance

Company sought to obtain a ruling that it was not required to pay uninsured motorist

("UIM") benefits under an insurance policy it had issued to Frederick H. McCurry, father

of Debra J. Dormer, Appellant herein. The District Court granted summary judgment in favor of Prudential, and we will affirm.

Dormer appeals, contending that factual issues prevented the grant of summary judgment, and that she should have been permitted to inquire as to the extent of Prudential's knowledge as bearing on the applicability of what is commonly referred to as the "household exclusion" in its policy.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

We exercise plenary review over the grant of a motion for summary judgment. Nationwide Mutual Insurance Co. v. Riley, 352 F.3d 804, 806 n.3 (3d Cir. 2003). Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We review the facts in the light most favorable to the party against whom summary judgment was entered." Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

Dormer does not own a motor vehicle or use one regularly. At the time of the accident, she was a passenger in a car owned and operated by her daughter, Amanda Krish. Krish had a policy with Allstate, and Dormer recovered under that policy as well as under the policy of the other driver involved in the accident. Dormer then sought

2

recovery against Prudential based on the UIM provisions of a policy issued to McCurry that covered three vehicles, none of which was involved in the accident. Dormer was an insured under McCurry's policy because she, Krish, and McCurry all lived together at the same address. But, McCurry's policy contained an exclusion:

> Losses we will not pay for (Part 5).
> Other household vehicles:
> We will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not covered under this policy . . .

In order to prevail, Dormer had to invalidate this exclusion, which clearly applied under the circumstances. Dormer urged that case law in Pennsylvania indicates that the effectiveness of the exclusion is dependent upon facts, and that the District Court denied her the opportunity to explore these facts when it entered a protective order against discovery from Prudential of certain information regarding the setting of policy premium rates.

The District Court issued a thorough and thoughtful opinion granting summary judgment, noting that the Pennsylvania Supreme Court has routinely upheld the enforceability of the household exclusion, although occasionally noting that factual circumstances could alter the outcome. See e.g., Paylor v. Hartford Ins. Co., 640 A. 2d 1234 (Pa. 1994); Windrim v. Nationwide Ins. Co., 641 A.2d 1154 (Pa. 1994); Eichelman v. Nationwide Ins. Co., 711 A.2d 1006 (Pa. 1998); Burstein v. Prudential Prop. & Cas. Ins. Co., 809 A.2d 204 (Pa. 2002). Like the District Court, we see no prospect of

3

eliminating the exclusion in this case, as it appears tailor-made for this type of situation.

Dormer was in a vehicle owned by a household resident not covered under McCurry's policy. The presence of the household exclusion no doubt was taken into consideration in Prudential's calculation of the amount of the premium charged for McCurry's policy. This has been generally recognized in numerous Pennsylvania appellate court opinions cited by the District Court, such that voiding the exclusion would result in "insurers [being] . . . forced to increase the cost of insurance, which is precisely what the public policy behind the MVFRL strives to prevent." Prudential Prop. & Cas. Ins. Co. v. Colbert, 813 A.2d 747, 754-55 (Pa. 2002).

We repeat and adopt the reasoning of the District Court in this case:

> The household exclusion discourages family members such as Krish from scrimping on the amount of insurance they purchase for their own vehicle in the hopes that any shortfall can be made up by their status as a household resident on another family member's policy. Defendant was injured while a passenger in Krish's car. As such, she properly recovered under the terms of Krish's own policy with Allstate. Had defendant been injured while in one of the three vehicles insured by McCurry with plaintiff, she would be entitled as a household resident to the UIM benefits from plaintiff. That is because McCurry specifically paid for UIM coverage for each of the three vehicles. By not including Krish's vehicle under his policy, McCurry paid a lesser premium than he would have had he included the Krish vehicle. Indeed, had defendant been injured in almost any other vehicle than her daughter's vehicle, she would have been entitled to UIM benefits by virtue of her status as an insured under the McCurry policy.
>
> As noted by the Pennsylvania Supreme Court in Windrim, the household

4

exclusion does not violate public policy, and, in fact, voiding this exclusion would provide a disincentive to purchase insurance on family vehicles because resident relatives would rely upon UIM coverage under other resident relatives' policies. 641 A.2d at 1154, 1158 (citation omitted). This is not a practice that should be encouraged or fostered.

We can find no policy of Pennsylvania, let alone any policy that has been referenced by the courts in Pennsylvania, that would alter or invalidate the exclusion agreed upon by the parties to this insurance contract, especially where, as here, plaintiff has not been deprived of insurance recovery but, rather, has collected under the insurance policies directly associated with the accident.[1]

Nor can we conclude that the District Court erred in not permitting Dormer to explore the remote possibility of persuading it otherwise based on the way in which it calculated the premiums it charged. That inquiry would have been time-consuming and, no doubt, not productive, given the clear applicability of the exclusion to the fact pattern before it.

---

The Pennsylvania Trial Lawyers Association submitted a brief as amicus curiae contending that Dormer's not owning a vehicle, not having an insurable interest, and thus not having had an opportunity to elect to purchase benefits for herself, somehow alters the equation. However, Dormer was clearly covered under Krish's policy; had Dormer been in an automobile of anyone other than Krish or another resident of the household, she would have been covered under McCurry's UIM policy. Therefore, whatever policy argument might be made to insure coverage for persons otherwise deprived of coverage is a non-argument here, for indeed, she was covered and would have been covered for nearly any accident that occurred, either under Krish's policy, or McCurry's.

Accordingly, we will affirm the order of the District Court.